**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

        Plaintiff,
v.                                                  Case No. 17-CR-0160

RONALD H. VAN DEN HEUVEL,

        Defendant.

**ORDER DENYING MOTION TO SEAL [77] AND DENYING MOTION TO SEAL [81]**

Counsel filed two motions to seal, Dkt. No. 77 and 81. First, Dkt. No. 77 sought to seal Exhibits e-filed at Dkt. No.78, in support of his Motion for Change of Venue, Dkt. No. 75, which contained 162 pages of public newspaper and website articles regarding the defendant and his business entities that counsel felt supported his motion for a change of venue. Defense counsel stated "[t]he Motion contains information that should not be disclosed to the public." The court allowed this motion to remain pending, and therefore sealed, during the pendency of this action so as to avoid any potential contamination of the jury pool or further public display of the material, unwittingly exposing a potential juror. However these items are and were public news articles already available to the public. As the Seventh Circuit has reminded district judges in many cases "what happens in the halls of government is presumptively public business." *Union Oil Co. v Leavell*, 220 F.3d 562, 568 (7th Cir. 2007). This is especially true in criminal proceedings: "...open criminal proceedings give assurances of fairness to both the public and the accused..." *Press-Enterprise Co. v Superior Court for Riverside County*, 478 U.S. 1, 9 (1986). The presumption of openness can be overcome by a showing of overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Globe Newspaper*

*Co. v Superior Court*, 457 U.S. 596, 606–07 (1982). However this is not the case. The Clerk is directed to unseal Dkt. No. 78 as the attachments are already available to the public and the defendant entered a plea of guilty. Since no risk to of affecting a potential jury pool remains in this case, Dkt. No. 77 is denied.

Next, defendant filed a motion, Dkt. No. 81, to seal exhibits filed in support of Dkt. No. 79, Motion to Suppress physical evidence, e-filed at Dkt. No. 82. These documents include public listing of the building at 3060 S. Ridge Road, Ashwaubenon, WI for sale, Offers and Counter Offers to purchase the property; electronic copies of Real Estate Transfer Returns; UCC Search results for Fabio Perini North America, Inc.; Title Insurance commitments; a letter from Attorney David Stellpflug regarding the sale, correspondence regarding the sale/lease, as well as e-mail exchanges; checks (with account numbers redacted; correspondence regarding the estimated fair market val of one share of common stock in EARTH, LLC; EARTH projected income statements and "analysis of outstanding debt"; e-mails and correspondence; Bilateral Disclosure Agreement; FDA opinions; and Green Box Plastic Supply Agreement and attendant correspondence. All of these document relate to the charges filed against the defendant and the Clerk is directed to uneal the documents.

**THEREFORE, IT IS HEREBY ORDERED** that the Motion to Seal Dkt. No. 77, is denied and the Clerk is directed to unseal Dkt. No. 78.

**IT IS FURTHER ORDERED** that Dkt. No. 81 is denied and the Clerk is directed to unseal Dkt No. 82 in its entirety.

Dated this ___19th___ day of October, 2019.

      s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court